UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SHANE HAZE BRAXTON,

    Plaintiff,

v.                                                                                        Civ No. 21-54 KG/GJF

UNITED STATES OF AMERICA and
UNITED STATES DEPARTMENT OF
JUSTICE – FEDERAL BUREAU OF
INVESTIGATION,

    Defendants.

## SECOND ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. Plaintiff filed his Complaint on January 22, 2021. ECF 1. On June 1, 2021, the Court filed an Order to Show Cause, noting that "[s]ome 130 days ha[d] passed … with Plaintiff having taken no other action, including effecting service of process on any defendant." ECF 3. Shortly thereafter, Plaintiff responded as follows:

1. Counsel for Plaintiff sent certified mail service of the complaint to Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, via certified mail … , which was delivered on March 9, 2021.

2. To date, the Attorney General's office has not filed an answer to the complaint.

3. Counsel is trying to determine whether the United States is deeming it not to have been served, whether it is demanding in person service, or whether it has just failed to timely answer. Counsel will send additional mail service of complaint to additional government parties within 7 days to attempt to have an answer. … Counsel is asking for an additional 30 days to make service efforts and to report back to the Court.

ECF 4.[1] As a result, the Court "allow[ed] Plaintiff additional time for service" and ordered Plaintiff to "serve Defendants and file a properly-executed return of service no later than July 9, 2021."

---

[1] The United States may be served by "send[ing] a copy of [the summons and complaint] by registered or certified mail to" (1) "the civil-process clerk at the United States attorney's office" *and* (2) "the Attorney General of the United

ECF 5.  On July 8, 2021, Plaintiff notified the Court that on July 1, 2021, he had sent, via certified mail, a copy of the Summons and Complaint to Defendants.  ECF 6.[2]  On August 16, 2021, Plaintiff notified the Court that earlier that day he had mailed Defendants, again via certified mail, a copy of the Summons and Complaint.  ECF 7.[3]

Nearly ten months have passed since Plaintiff's suit was filed, and over three months have passed since Plaintiff's most recent filing.  ECF 7.  Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss *sua sponte* an action for failure to prosecute.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005); *see also* D.N.M.L.R.-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward.").  Consequently, the Court will require Plaintiff to show cause as to why he has not taken further steps since August 16, 2021, to move this case forward.

**IT IS THEREFORE ORDERED** that Plaintiff show good cause in writing no later than December 3, 2021, as to (1) why he has not taken further steps since August 16, 2021, to move this case forward s and (2) why this case should not be dismissed for Plaintiff's failure to prosecute**.**

---

States at Washington, D.C."  Fed. R. Civ. P. 41(i)(1).  It thus appears that Plaintiff might not have properly served Defendant United States because he did not also send a copy of the summons and complaint to "the civil-process clerk at the United States attorney's office."  *Id.*  Similarly, Plaintiff might not have properly served Defendant FBI because it appears that he neither properly "serve[d] the United States," *id.*, nor fulfilled the additional requirement of "send[ing] a copy of the summons and of the complaint by registered or certified mail to the agency."  Fed. R. Civ. P. 41(i)(2).

[2] Plaintiff represented that he had sent these items to both the "Civil Process Clerk, United States Attorneys' Office" and the "Federal Bureau of Investigation."  *Id.*; *see also* Fed. R. Civ. P. 41(i)(1)-(2) (requiring such items to be sent to "the civil-process clerk at the United States attorney's office," "the Attorney General of the United States at Washington, D.C.," and (for federal agencies) "the [respective] agency").  It appears that Plaintiff did not resend these items to the Attorney General of the United States, perhaps because he had done so approximately four months earlier in March 2021.

[3]  Plaintiff again represented that he had sent these items to both the "Civil Process Clerk, United States Attorneys' Office" and the "Federal Bureau of Investigation."  *Id.*

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

3